GREENE v. STATE BOARD OF REGISTRATION FOR
ARCHITECTS, PROFESSIONAL ENGINEERS, &
LAND SURVEYORS.

LICENSES—PROFESSIONAL ENGINEER—EXAMINATION—PREVIOUS PRAC-
TICE—MANDAMUS.
Under statute permitting registration as professional engineer
without an examination upon a showing of at least 12 years
of active practice as a professional engineer previous to
the effective date of the act, where applicant failed to make
a showing of active practice for such length of time he was
not entitled to writ of mandamus compelling registration (Act
No. 240, Pub. Acts 1937, as amended by Act No. 294, Pub.
Acts 1941).

Appeal from State Board of Registration for
Architects, Professional Engineers, and Land Sur-
veyors. Submitted October 5, 1943. (Docket No.
10, Calendar No. 42,433.) Decided November 29,
1943.

Paul Greene filed application for registration as a
professional engineer. Plaintiff reviews denial of
application by appeal in the nature of mandamus.
Writ denied.

*Shields, Ballard, Jennings & Taber,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund E.
Shepherd,* Solicitor General, and *Daniel J. O'Hara,*
Assistant Attorney General, for defendant.

North, J. Plaintiff, Paul Greene, made application to the defendant, State board of registration for architects, professional engineers, and land surveyors, for registration in this State as a professional engineer under Act No. 240, Pub. Acts 1937, as amended by Act No. 294, Pub. Acts 1941 (Comp. Laws Supp. 1940, 1942, § 8689–1 *et seq.*; Stat. Ann. 1943 Cum. Supp. § 18.84 [1] *et seq.*). When first considered by the State board of registration plaintiff's application was denied; but upon plaintiff's request it was reconsidered, and upon final consideration was again denied. Thereupon plaintiff instituted mandamus proceedings in this Court by which he seeks to compel the State board of registration to register him as a professional civil engineer.

The cited act contains the following:

"Sec. 2.   *   *   *   The practice of professional engineering within the meaning and intent of this act includes any professional service, such as consultation, investigation, evaluation, planning, design, or responsible supervision of construction in connection with any public or private utilities, structures, buildings, machines, equipment, processes, works, or projects, wherein the public welfare, or the safeguarding of life, health, or property is concerned or involved, when such professional service requires the application of engineering principles and data, except as hereinafter defined."

"Sec. 12.   *   *   *   At any time within five years after this act becomes effective the board shall accept as conclusive evidence that an applicant is qualified for registration without examination, as an architect or as a professional engineer, a specific record of at least twelve years of active practice as an architect, or as a professional engineer, previous to the effective date of this act.   *   *   *

"Sec. 13. Applications for registrations shall be on forms prescribed and furnished by the board,

shall contain statements made under oath, showing the applicant's education and detailed summary of his technical work, and shall contain not less than five references, of whom three or more shall be architects or professional engineers or land surveyors having personal knowledge of his architectural or engineering or land surveying experience.''

Plaintiff's application was made on the ground of qualification within the above provisions quoted from sections 12 and 13 of the act. As we view the record, the ground upon which the State board finally denied plaintiff's application for registration was that his petition and the showing made in support thereof did not establish plaintiff's qualifications for ''registration without examination, * * * as a professional engineer'' by reason of his active practice as such engineer for at least 12 years previous to the effective date of the act (January 1, 1938).

Obviously plaintiff was not entitled to registration without examination unless incident to his application he established that he had ''at least twelve years of active practice'' as a professional engineer previous to January 1, 1938. He sought to establish 12 years of such ''active practice'' between January 1, 1926, and January 1, 1938. His application was denied because the defendant board concluded plaintiff had not established an active practice during the earlier part of this 12-year period, particularly during 1926. Plaintiff contends that a showing in compliance with the statutory requirement was made and that he is entitled to be registered.

Our review of this record brings the conclusion that plaintiff's contention cannot be sustained. In the statement required to be given in ''chronological order'' of plaintiff's experience, the portion refer-

ring to the period prior to 1927 discloses that in 1925 and 1926 plaintiff was a contractor with the "Michigan State highway department & Plymouth road" in "Transporting cement for State road construction;" and as to the foregoing reference was made to Charles M. Ziegler, Lansing, Michigan. Plaintiff submitted to the board a letter from Mr. Ziegler, the pertinent portion of which is:

"The first that I remember Mr. Greene was when he had a cement hauling contract with the Michigan State Highway Dept., in 1925 and 1926 for hauling cement from the mill to various construction projects. He also had an aggregate hauling contract."

Subsequent to its first consideration of the above showing, the executive secretary of defendant board wrote plaintiff a letter from which we quote:

"The major portion of your practice, indicated in the application, has been as contractor. Perhaps this involved engineering principles, but no showing is made as to how. Furthermore, by your own statement, you did not begin this work until 1927. In 1926, the latest date when you could have begun the prerequisite 12-year practice, you were hauling cement. Wherein was that professional engineering? * * * Therefore, as far as registration is concerned, it is now incumbent on you to show that engineering principles were used in that work."

In reply to the above the only further showing made by plaintiff was in his letter of January 12, 1943, addressed to the board which reads:

"Gentlemen:

"As per your request for further information on experience during the years of 1925–1926, I wish to submit for your consideration the following. During the year 1925, I had a contract with the State highway department for transporting cement to Plymouth road. This involved layout and super-

vision of plant equipment for batching materials at point of destination. This equipment first came into use on highway construction at about this time.

"During 1926 another contract followed with the State highway department, which called for further development of the batcher method of placing concrete and the coordinating of equipment for handling aggregates with the batcher plant. Locations of this work were stated in the application.

"I trust this explanation is what you desire and if any further information is required I will be pleased to furnish same.

"Very truly yours,<br>"Paul Greene."

After further consideration of plaintiff's application it was denied and he was so advised by the following letter:

"Dear Mr. Greene:

"Your application for registration as a professional engineer has been reconsidered on the strength of your letter of January 12, 1943.

"At its meeting February 18, 1943, the board passed a motion, denying registration. Basis was that no additional evidence was submitted, showing professional engineering practice."

We are in accord with the board's conclusion. Mandamus is denied. Costs to defendant.

Boyles, C. J., and Chandler, Starr, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.