MARINO v. STATE BOARD OF REGISTRATION FOR ARCHI-
TECTS, PROFESSIONAL ENGINEERS & LAND SURVEYORS.

1. LICENSES—PROFESSIONAL ENGINEER—STATUTES—EVIDENCE—PART
TIME PRACTICE.

> Satisfaction of statutory requirements entitling applicant to
> license as professional engineer without an examination was
> established by showing that for over 12 years he had engaged
> in supervision of various projects coming within statutory
> definition of professional engineering notwithstanding that
> during such period he had completed his high school educa-
> tion at age 24 while actively engaged in such profession as
> the act does not require that such applicant devote his entire
> time to such practice during 12-year period (Act No. 240,
> §§ 2, 12, Pub. Acts 1937).

2. SAME—STATUTES—BOARD OF REGISTRATION—PROFESSIONAL ENGI-
NEER.

> The board of registration for architects, professional engineers
> and land surveyors exceeded its authority in refusing plain-
> tiff a license as a professional engineer without examination
> where he had satisfied all statutory requirements for such
> license (Act No. 240, §§ 2, 12, Pub. Acts 1937).

3. COSTS—MANDAMUS—LICENSES—PROFESSIONAL ENGINEER.

> No costs are allowed on appeal in nature of mandamus wherein
> writ is granted to compel defendant board of registration
> for architects, professional engineers and land surveyors to
> issue plaintiff a license as a professional engineer without
> examination (Act No. 240, Pub. Acts 1937).

Angelo Marino made application to the State
Board of Registration for Architects, Professional
Engineers and Land Surveyors for registration as
a civil engineer. Denial of application is reviewed
by appeal in the nature of mandamus. Submitted

October 19, 1943.   (Calendar No. 42,435.)   Writ granted December 29, 1943.

*Williamson & Ready,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for defendant.

CHANDLER, J.   On May 3, 1938, plaintiff made application with the State board of registration for architects, professional engineers and land surveyors, for registration as a professional engineer under the provisions of Act No. 240, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 8689–1 *et seq.,* Stat. Ann. 1940 Cum. Supp. § 18.84 [1] *et seq.*), claiming that he was entitled to such registration under section 12 of the act which provided:

"At any time within five years after this act becomes effective the board shall accept as conclusive evidence that an applicant is qualified for registration without examination, as an architect or as a professional engineer, a specific record of at least twelve years of active practice as an architect, or as a professional engineer, previous to the effective date of this act."

This application was denied by the board.

On March 7, 1941, he filed a second application for registration under the provision of the statute, above quoted, which was denied by the board on May 26, 1941, on the ground that the application did not disclose that he had had the required amount of active practice as a professional engineer prior to January 1, 1938, the effective date of the act, to entitle him to registration without examination.   The record shows that thereafter plaintiff submitted exhibits to the board in the form of maps and draw-

ings to substantiate his claim of active practice for 12 years prior to January 1, 1938. His application was then reconsidered on December 17, 1942, and April 8, 1943, and again denied.

On May 13, 1943, plaintiff filed an application for leave to appeal to this court from the action of the board, which was treated as a petition for a writ of mandamus and an order to show cause was issued on May 19, 1943.

The return of the board denies that they acted arbitrarily or capriciously in the denial of the application, and avers that drawings and exhibits submitted by plaintiff were not of such a character as to demonstrate knowledge of engineering principles.

Section 2 of the act, prior to amendment,* provided:

"The term 'professional engineer' as used in this act shall mean a person, who by reason of his knowledge of mathematics, the physical sciences, and the principles of engineering, acquired by professional education and practical experience, is qualified to engage in engineering practice as hereinafter defined.

"The practice of professional engineering within the meaning and intent of this act includes any professional service, such as consultation, investigation, evaluation, planning, design, or responsible supervision of construction or operation, in connection with any public or private utilities, structures, buildings, machines, equipment, processes, works, or projects, wherein the public welfare, or the safeguarding of life, health, or property is concerned or involved, which such professional service requires the application of engineering principles and data."

---

* Amended by Act No. 294, Pub. Acts 1941, effective January 10, 1942.—Reporter.

Plaintiff's chronological statement of experience attached to his application states that from 1924 to 1931 he was assistant city engineer of the city of Monroe, Michigan, under Dr. V. Newman, city engineer, and lists a large number of projects upon which he claims to have prepared the estimates and supervised the construction.

Plaintiff was not graduated from high school until 1927, which would be within the 12-year period, and this fact seems to be the point principally relied upon by defendant in support of denial of the application, the claim being that he cannot be considered to have been engaged in the active practice as a professional engineer during the time in 1926 and 1927 when he was still in high school. The remainder of the 12-year period does not appear to be questioned.

The list of projects submitted with the application during the period from 1924 to 1931 sets forth the supervision of the construction of such projects as, sewers, sidewalks, streets, surveying, buildings, and a small bridge. We feel it unnecessary to detail the various projects as submitted with the application. It appears that the activities of appellant at the time in question would come within the definition of professional engineering as given by the act. The history of active practice as a professional engineer is not controverted by the record, and in our opinion the fact that plaintiff also completed high school during the period should not deprive him of registration if he has met the requirements of the act. Plaintiff was born in 1903 and at the time of graduation from high school in 1927 was 24 years of age, being much older than the average student upon graduation from high school. It also appears that his experience in the field of engineering had been, probably because of his age, more extensive than

one would ordinarily find in the average high school graduate. Although we have stressed the nature of his activities as a professional engineer during 1926 and 1927, his high school years within the 12-year period, the record further shows that he commenced performing services of a like nature for the engineering department of the city of Monroe in 1921. Therefore, in fact, his experience in active practice covered a period of approximately 17 years, considerably longer than the act requires.

Upon this record, we are of the opinion that the legislative requirements have been met by the application and that the board exceeded its authority in denying the same. See *Waier* v. *State Board of Registration,* 303 Mich. 360.

A writ may issue as prayed. No costs will be allowed.

Boyles, C. J., and North, Starr, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.