HUNTING *v*. STATE BOARD OF REGISTRATION FOR ARCHITECTS, PROFESSIONAL ENGINEERS AND LAND SURVEYORS.

1. LICENSES—ARCHITECTS—GRANDFATHER CLAUSE—WAIVER.

   The taking of an examination under statute regulating the practice of architecture does not amount to a waiver of an applicant's right to be registered under the so-called grandfather clause prescribing period of practice during which the applicant must have practised as an architect in order to be eligible to be licensed without taking an examination (CL 1948, § 338.562).

2. WORDS AND PHRASES—ARCHITECTS.

   An "architect" is primarily a master builder and the term, as ordinarily used, involves mastery of and responsibility for entire building projects and each and every part thereof.

3. LICENSES—ARCHITECTS—GRANDFATHER CLAUSE—JUNIOR OR ARCHITECTURAL DRAFTSMAN.

   Time spent as junior draftsman or architectural draftsman cannot be counted as a part of the 12 years' practice as an architect under statute authorizing registration without examination of an applicant who has practised as an architect for 12 years prior to the time the act became effective (CL 1948, § 338.562).

---

REFERENCES FOR POINTS IN HEADNOTES

[2] 3 Am Jur, Architects, § 2.

4. SAME—ARCHITECTS—GRANDFATHER  CLAUSE—EVIDENCE—MANDA-
   MUS.
   Applicant for registration without examination as an architect
       *held*, to have failed to show that he had practised for 12 years
       before January 1, 1938 as an architect in that he did not
       show he had supervised construction of buildings for such
       period, hence he was not entitled to writ of mandamus com-
       pelling board administering the act to issue certificate of
       registration (CL 1948, § 338.551 *et seq.*).

Lysle B. Hunting made application to State Board of Registration for Architects, Professional Engineers & Land Surveyors for registration as an architect. Denial of application is reviewed by appeal in the nature of mandamus. Submitted October 12, 1950. (Calendar No. 43,433.) Writ denied January 8, 1951.

*Frank Day Smith*, for plaintiff.

*Stephen J. Roth*, Attorney General, *Edmund E. Shepherd*, Solicitor General, and *Daniel J. O'Hara*, *Ben H. Cole* and *Ernest O. Zirkalos*, Assistants Attorney General, for defendant.

REID, C. J. Leave having been obtained, plaintiff Lysle B. Hunting took an appeal in the nature of mandamus from a decision of the defendant State board of registration for architects, professional engineers and land surveyors (which board is hereinafter referred to as defendant) denying plaintiff's petition for registration as an architect without examination.

Plaintiff's petition was filed on March 22, 1938 under the provisions of PA 1937, No 240, § 12 (CL 1948, § 338.562 [Stat Ann 1949 Cum Supp § 18.84 (12)]). Briefly stated, plaintiff petitioned defendant to register him as an architect under the so-called "grandfather" clause of the beforementioned act, be-

ing a portion of said section 12.   The pertinent portions of said section 12 are as follows:

"At any time within 5 years after this act becomes effective the board shall accept as conclusive evidence that an applicant is qualified for registration without examination, as an architect   *   *   *   a specific record of at least 12 years of active practice as an architect   *   *   *   previous to the effective date of this act."

Plaintiff took an examination by the defendant in 1936 but failed to pass.   Plaintiff's application for registration (under the grandfather clause) was denied by defendant in a letter of May 24, 1938 and plaintiff was notified that he could take an examination on June 20 (1938).   In 1939, plaintiff again took an examination and failed to pass, and the same occurred in 1942.   Plaintiff protested his low standings as reported and some architects (including Mr. Gamber and Mr. Smith) were appointed to regrade plaintiff's standing on the examination but such architects said that defendant's grading was correct.

Defendant claims that taking such examinations amounted to a waiver by plaintiff of any right to be registered under the so-called grandfather clause of the act.   We do not consider that taking such examinations amounted to a waiver.

The question involved in this case is whether plaintiff showed a specific record of at least 12 years of active practice as an architect previous to the effective date of PA 1937, No 240 (CL 1948, § 338.551 *et seq.* [Stat Ann 1949 Cum Supp § 18.84 (1) *et seq.*]), said date being January 1, 1938.

In arriving at a determination of that question (with all the testimony and documentary evidence in mind) we are required to decide whether the words "active practice as an architect" shall include plaintiff who during a substantial part and at least 2 years

of the statutory period of 12 years (January 1, 1926 to January 1, 1938) was merely employed by architects in the subordinate capacity of "architectural draftsman" or "junior draftsman."

An architect is primarily a master builder and the term, as ordinarily used, involves mastery of and responsibility for entire building projects and each and every part thereof.

In determining this case we are bound by section 2 of the act, see CL 1948, § 338.552 (Stat Ann 1949 Cum Supp § 18.84 [2]), which in part as it stood in 1938 was as follows:

"The term 'architect' as used in this act shall mean a person who, by reason of his knowledge of mathematics, the physical sciences, and the principles of architectural design, acquired by professional education and practical experience is qualified to engage in architectural practice as hereinafter defined.

"The practice of architecture within the meaning and intent of this act includes any professional service such as consultation, investigation, evaluation, planning, design, or responsible supervision of construction, alteration, repair or operation in connection with any public or private structures, buildings, equipment, works or projects wherein the public welfare or the safeguarding of life, health, or property is concerned or involved, when such professional service requires the application of the principles of architecture or architectural design."

Plaintiff's statement, included with his application for registration, makes no claim for anything but that of draftsman before 1929. Plaintiff's claim to have acted as architect instead of mere draftsman after 1928 is not well supported by other testimony.

In accordance with the requirements as apparently indicated on his application blank, plaintiff enclosed with his application to defendant a concise statement, contained in the record, purporting to be a

statement of the "dates or time occupied, location of work, its character, your [plaintiff's] connection with it and your [plaintiff's] degree of responsibility" with names of employers and clients. An examination of these statements of his discloses a beginning of the period of employment in 1921 but also discloses that for the period 1921–1927 inclusive plaintiff's activity was as "architectural draftsman," words which fall far short of defining the work and responsibilities of an architect. In 1928 plaintiff sets forth his work as "designer, church furniture and interiors, American Seating Co., Grand Rapids, Mich. (understudy of Ralph Adams Cram, A.I.A., Boston, Mass.)," and Charles Barker is named as the person familiar with plaintiff's work in 1928, so that not until 1929 did plaintiff's work as an architect in charge of actual construction begin, according to plaintiff's own statement accompanying his application to defendant, and 1929 is not a date 12 years before January 1, 1938, the effective date of the act.

Plaintiff testified that in 1926 he had an office in his house and "did work for a half dozen contractors, making plans and estimating costs of buildings and supervision."

Mr. Frederic A. Fairbrother, a member of Albert Kahn Associated Architects and Engineers, testified that plaintiff was employed by that company from May 4 to October 1, 1927 as an architectural draftsman. Plaintiff's witness, Mr. Harold S. Ellington, president of the firm of Harley, Ellington & Day, architects and engineers, testified that plaintiff worked for his firm a period of 3 months in 1928 or 1929, under the direction of the chief draftsman and Mr. Weston. Plaintiff claims he was in that office employed as an architect.

Mr. William H. McCarty (defendant's witness) testified plaintiff worked for him under the firm of

Wirnett & McCarty from the latter part of February until about May, 1928, as an architectural draftsman of the junior grade, and did no actual designing in the nature of a new design. Plaintiff testified that he worked for that firm on residential plans and also on drawings for a theater.

After a careful reading and consideration of all the testimony and documentary evidence and briefs, we are convinced that plaintiff falls far short of showing that he practised as an architect for 12 years before January 1, 1938.

Plaintiff cites and relies on *Kaufmann* v. *State Board of Registration for Architects, Professional Engineers & Land Surveyors,* 313 Mich 258, in which case, however, there was present a complete showing that the petitioner had continuously engaged in active practice in the capacity of professional architect for 12 years previous to January 1, 1938.

In the *Kaufmann Case* we say, page 263, "From 1920 appellant has been engaged in laying out, constructing, and supervising the construction of residential, commercial and industrial buildings and in connection therewith evaluating the same and consulting with the owners pertaining thereto."

Time spent as junior draftsman or architectural draftsman cannot be counted as a part of the 12 years' practice as an architect under our quoted statute.

On motion, we referred the issue in the instant case to the circuit court for the county of Wayne for hearing and findings thereon, which court referred the matter to circuit court commissioner Carl M. Weideman for taking testimony and reporting to the circuit court for Wayne his findings thereon, which commissioner reported the testimony incorporated in our record and reported among other things as follows:

"I find as a matter of fact that the plaintiff was employed in the firm of Malcomson and Fowler and Hammond, Inc., in 1922, and that the work performed was that of a junior draftsman, 'a draftsman who did tracing.'

"I find as a matter of fact that the plaintiff was employed by Branson V. Gamber around the year 1922 as a junior draftsman.

"I find as a matter of fact that during the years 1925 and 1926 the plaintiff was employed by James Edward Sexton, architect for the S. S. Kresge Company, and that he was employed as an architectural draftsman.

"I find as a matter of fact that from September, 1926, to February, 1927, plaintiff was employed by Mr. Marcus Burrows, an architect, as a draftsman.

"I find that during the years 1926 and 1927 the plaintiff was employed by Robert O. Derrick, an architect, as a junior draftsman.

"I find that during the year 1927 plaintiff was employed by the firm of Albert Kahn as an architectural draftsman.

"I find that from January 2, 1928, to March, 1929, the plaintiff was employed by the firm of Harley, Ellington and Day, architects and engineers, as a draftsman.

"I find that for a period of about 6 months, during the year 1929, the plaintiff was employed by Joseph M. Savage, an architect, as a draftsman.

"I find as a matter of fact that generally from the year 1925 to 1931 plaintiff was employed as a draftsman or junior draftsman.

"I find that during the years 1933 and 1934 the plaintiff was supervisor of repairs for the Home Owners Loan Corporation.

"I find that the work performed by the plaintiff for the firm of Wiedmaier and Gay, during the year 1937, was in the nature of the work of a junior draftsman.

"I find from the testimony of Talmadge C. Hughes, a registered architect, that for the past 25 years

plaintiff has been employed as a draftsman who also was doing work as a creative artist.

"I find that the testimony of the witness, Christian W. Brandt, an architect, who thought he employed the plaintiff during the year 1924, should be disregarded, as witness had no actual memory of the same.

"I further find that for several years from about the year 1926 on, the plaintiff was engaged in his own behalf in drawing plans and specifications for builders and individuals in and about the city of Detroit and that from 1926 on he had at various times held himself out as an architect and maintained an office in his home, holding out to the public that he was engaged in business as an architect. The work which he did chiefly was in preparing plans and specifications for small homes and garages, although there were a few houses of larger proportions, upon which he prepared or helped to prepare plans and specifications. During this period he also practiced as an architect in the city of Grand Rapids.

"During 1929 he prepared sketches and drawings for the studio of Arthur L. Jaeger, this being a 3-story, brick and stone construction, building, 165' long.

"During 1929 the plaintiff did some designing, tracing, developing and detail work for Joseph M. Savage, an architect in Detroit, and in 1930 he worked on a concrete garage building in Chicago, for the National Garages, Inc., and did some work checking drawings for changes in the ramp location and alterations to the front of the building.

"At other various times he made plans, drawings and specifications for contractors and builders.

"I further find that several building permits were issued by the city of Detroit in which the plaintiff's, Mr. Lysle B. Hunting's, name appeared as the architect."

The commissioner further found,

"I find, therefore, that the plaintiff has not actually practiced the profession of architecture for 12 years prior to January 1, 1938."

Plaintiff's own statements can fairly be considered as establishing that prior to 1929 he did not practice as an architect, and his showing as to the period, 1929 to January 1, 1938, is inconclusive and not corroborated.

Plaintiff fails to show a total of 12 years in which he designed and supervised the construction of buildings. Plaintiff drew or worked on drawing plans for 12 years, but he did not supervise construction during such period under the proofs in this case.

We are satisfied that our decision as foregoing is well within our rulings in *Waier* v. *State Board of Registration for Architects, Professional Engineers & Land Surveyors,* 303 Mich 360; *Greene* v. *State Board of Registration for Architects, Professional Engineers & Land Surveyors,* 307 Mich 285; *Marino* v. *State Board of Registration for Architects, Professional Engineers & Land Surveyors,* 307 Mich 438, as well as in the *Kaufmann Case, supra.*

After careful consideration of the entire case submitted to us, we come to the same conclusion as that recommended by the circuit court commissioner. The petition of plaintiff for a writ of mandamus is denied. Costs to defendant.

BOYLES, NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.